HAROLD J. SOUTHER *& a. v.* JOHN W. SCHOFIELD *& a.*

*Hazen K. Sturtevant*, for the plaintiffs.

*James B. Godfrey*, for the defendant New Hampshire Orphans Home.

*Ernest R. D'Amours*, Attorney-General, and *Warren Waters*, Law Assistant (*Mr. Waters* orally), for the State.

JOHNSTON, J. Since title to the real estate that the plaintiffs propose to sell is in the town of Bristol and the members of the Kelley Park Commission and the town trustees purport to be acting for it, it is assumed that the town will be made a party plaintiff. *Stone* v. *Cray*, 89 N. H. 483.

The second tract of land was not purchased for purposes of investment of trust funds but as a site for carrying out the purposes of the trust created by the Kelley will. The deed contained the following wording: "Said tract to be forever kept by said Town of Bristol as a part of a public park according to the provisions of the will of William G. Kelley."

The proposed sale is an act of administration of the trust rather than one involving a change in its purpose. *Exeter* v. *Robinson Heirs*, 94 N. H. 463, 466. The tract to be sold has never been used for a public park since it was acquired in 1903, and accordingly has not promoted the said purposes. From the record it is understood that there is no reasonable prospect of using this property as a park and that the land already used is considered by the commission sufficient for carrying out the intention of the testator. Under these circumstances, the doctrine of *cy pres* need not apply, but the question is whether a court of equity may permit a deviation from the terms of the trust.

The test for permitting a deviation from the trust provisions has been stated as follows: "The courts will direct or permit a deviation from the terms of the trust where compliance is impossible or illegal, or where owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair

the accomplishment of the purposes of the trust. Thus it has been held in numerous cases that the court may authorize the sale of property although such sale is not authorized or is forbidden by the terms of the trust." 3 Scott, Trusts, s. 381. See also, *Exeter* v. *Robinson Heirs, supra; Smart* v. *Durham,* 77 N. H. 56; *Asylum* v. *Lefebre,* 69 N. H. 238; *Society* v. *Harriman,* 54 N. H. 444.

The finding that "Public use of the above described tract of land as a site for a school building is actually more beneficial to the citizens of the Town of Bristol than mere retention of the land without improvement, development, or public use," is insufficient for the desired authorization. Nor is the finding that there is a serious need for a school building site for the defendant school district a reason for departing from the terms of the trust.

It could well be found that the purchase of more land than was needed for carrying out the trust provisions was not anticipated by the settlor. A finding is within reason that the retention of this tract would substantially impair the accomplishment of the purposes of the trust. Whether the Trial Court can so find depends in part upon a consideration of any loss of income to the trust by the retention of the tract instead of the sale. This involves the price to be obtained and the use that could be made of it in furthering the benefits of the park to the public. It is pointed out in 168 A. L. R. 1018, 1024, that equity will authorize a sale of property contrary to the directions of the settlor of the trust if it is required to avoid "pointless losses." If the evidence warrants the application of these principles, the Trial Court may authorize the proposed sale.

Neither the will nor the deed contains any forfeiture or reverter clause that is applicable as such after the acceptance of the bequest by the town of Bristol. If facts are found that permit a deviation, no interest of the defendant New Hampshire Orphans Home can interfere with its allowance. *Exeter* v. *Robinson Heirs, supra,* 466, 467.

If the Superior Court cannot find any substantial impairment of the accomplishment of the purposes of the trust as indicated above, then recourse must be had to condemnation proceedings for the acquisition of the desired school site. The resulting proceeds would accrue to the Kelley Park trust fund. *State* v. *Corporation,* 89 N. H. 538.

*Case discharged.*

All concurred.